## REUBEN RING vs. CHARLES C. NICHOLS.

Piscataquis.    Opinion April 30, 1898.

*Intox. Liquors.   Replevin.   Libel.   R. S., c. 27, § 50.*

Intoxicating liquors which have been seized by an officer in accordance with the provisions of the statutes in relation to the seizure of liquors intended for unlawful sale within the state, are in custodia legis and can not be taken from the custody of the officer upon writ of replevin or other process, while the statutory proceedings are pending.   R. S., c. 27, § 50.

Intoxicating liquors were seized by an officer without a warrant upon October 18, and a warrant was procured upon the next day.   The officer's return upon the warrant states that the liquors were seized upon October 25.   *Held;* that the incorrect statement in the officer's return of the day when the liquors were seized does not so affect the legality of the proceedings as to permit the owner of the liquors to maintain a replevin for them against the officer.   The point should have been made in the court where the proceedings were pending, when the officer would have been allowed to amend his return in accordance with the fact.

A description of the liquors seized in the libel, monition and notices that is sufficiently specific to notify the owner of the fact of seizure and the identity of the liquors seized, is all that is required.

The following description held to be sufficient:   "1 bbl. filled with intoxicating liquors.   1-5 Gal. keg filled with intoxicating liquors.   Marked to M. P. Colbath, North West Carry, Moosehead Lake, Maine."

ON EXCEPTIONS BY PLAINTIFF.

The case is stated in the opinion.

*J. B. Peaks*, for plaintiff.

*C. W. Hayes*, for defendant.

SITTING:   PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, JJ.

WISWELL, J.   On October 18, 1895, the defendant, a deputy sheriff for Piscataquis County, seized at Greenville in that county, without a warrant, a quantity of intoxicating liquors upon the charge that such liquors were intended for unlawful sale in this state.   On the following day he made complaint to the judge of the Dover Municipal Court and procured a warrant.   On the same day he filed with the magistrate before whom such warrant was

returnable, a libel against the liquors and the vessels in which they were contained, setting forth their seizure by him, describing the liquors and their place of seizure, alleging that they were deposited, kept and intended for sale within the state in violation of law, and praying for a decree of forfeiture thereof. Such magistrate thereupon fixed a time for the hearing of the libel and issued his monition and notice of the same to all persons interested, citing them to appear at the time and place appointed and show cause why such liquors, and the vessels in which they were contained, should not be forfeited.

On October 25th the defendant made service of the libel and monition by posting in two public and conspicuous places, in the town where the liquors were seized, a true and attested copy of the libel and monition, ten days at least before the day upon which it was returnable. Upon the return day the plaintiff appeared as claimant of the liquors and by agreement the hearing was postponed until the third Tuesday of December, at which time by agreement the hearing was again continued until the third Tuesday of January, 1896, at which time the plaintiff moved that the libel be dismissed, which motion was overruled and the liquors, together with the vessels containing the same, were declared forfeited.

On December 11, 1895, while these proceedings were pending, the plaintiff, who, it is admitted, was the owner of the liquors at the time they were seized, commenced this action of replevin to recover the liquors above mentioned. The writ of replevin was served on January 10, 1896, while the proceedings were still pending.

The justice presiding at nisi prius ruled that the action of replevin could not be maintained and the case is here upon exceptions to that ruling. We have no question that the ruling is correct. The liquors were in custodia legis.

By R. S., c. 27 § 50: "Liquors seized as hereinbefore provided, and the vessels containing them, shall not be taken from the custody of the officer by a writ of replevin or other process while the proceedings herein provided are pending; and final judgment

in such proceedings is in all cases a bar to all suits for the recovery. of any liquors seized or the value of the same, or for damages alleged to arise by reason of the seizure and detention thereof."

But it is claimed in behalf of the plaintiff that the statute is not a bar to this suit because of certain claimed irregularities in the proceedings. For instance, although the parol testimony and all other records show that the liquors were seized without a warrant on the 18th of October, and that the warrant was procured upon the next day, the officer's return upon the warrant states that the seizure was made upon the 25th day of October and it is consequently claimed that the liquors mentioned in the libel and monition could not be those seized upon the 18th of October. We do not think that this is sufficient to authorize the maintenance of an action of replevin. The point should have been made by the claimant in the court where the proceedings in relation to the disposal of the liquors were pending, and even there it would have been unavailing because the officer would have had a right to amend his return in accordance with the fact. Again it is claimed that the description in the libel, monition and notices was not sufficiently definite and specific so that a person interested in the liquors would be notified with reasonable certainty of the fact of their seizure and of the circumstances under which they were held. The description was as follows:—

"1 bbl. filled with intoxicating liquors. 1-5 Gal. keg filled with intoxicating liquors. Marked to M. P. Colbath, North West Carry, Moosehead Lake, Maine."

We think this was sufficiently specific to notify the owner of the fact of seizure and of the identity of the liquors seized. Moreover, in this case, the owner appeared at the return day of the libel and monition, made claim to the liquors and became a party to the proceedings, although the records do not show whether or not he. filed his claim in writing as required by statute.

The proceedings in all respects were, at least, in sufficient conformity with the statutes to prevent the maintenance of this action of replevin commenced and served while the proceedings were pending.

             *Exceptions overruled.*